UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY,  *Interpleader Plaintiff*,  -against-  SARAH LEVINE, ESTHER FRANK, AARON SPERBER, CHANNA LEITNER, SAMUEL SPERBER, USHER SPERBER, SHLOIME SPERBER, AND MEYER SPERBER,  *Interpleader Defendant*. | 24-CV-4010 (ARR) (TAM)  <u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>  **MEMORANDUM & ORDER** |

ROSS, United States District Judge:

Plaintiff, Equitable Financial Life Insurance company ("Equitable"), initiated this statutory interpleader action to resolve conflicting claims to benefits due under a life insurance policy it issued. *See* Compl., ECF No. 1. Having initiated the action and served process on all potential beneficiaries, Equitable seeks an award of attorneys' fees and costs prior to its dismissal in the action. Pl.'s Mot. Atty. Fees, ECF No. 25 ("Pl.'s Mot."). For the reasons that follow, I grant Equitable a reduced award of $1,577.

## BACKGROUND

Equitable is a life insurance company organized under New York law. Compl. ¶ 1. In May 1994, Equitable issued a life insurance policy (the "Policy") to Jacob and Rachel Sperber ("the Insureds"). *Id*. ¶15; Pl.'s Mot., Ex. B, ECF No. 1-2 (redacted copy of Policy No. XXXX7239). The Policy provides for a "death benefit" to be paid at the time of the Insureds' death to living individuals listed as beneficiaries listed on the policyholder's application. *See id*. at 5; Pl.'s Mot., Ex. A, ECF No. 1-A (redacted policy applications). The Insureds' applications identify "insured[s'] children" as beneficiaries. *Id*. at 1, 6. On January 20, 2024, both Insureds died by homicide. Compl. ¶ 17. The day after, Insureds'

son Meyer was arrested and charged with their murder. *Id.* ¶ 20; *see People v. Meyer Sperber*, No. 70439-24 (N.Y. Sup. Ct., Kings Cnty.). Meyer is currently incarcerated and awaiting trial in New York state court. Compl. ¶ 21. In addition to Meyer, Insureds had seven other living children at the time of their death: Sarah, Esther, Aaron, Channa, Samuel, Usher and Shloime. *Id.* ¶ 19.

In February 2024, Equitable distributed a one-eighth portion of the death benefit ($125,000 per person) to each of the Insureds' children except Meyer. *Id.* ¶¶ 22–23. Equitable then initiated this statutory interpleader action, *see* 18 U.S.C. § 1335, to determine the allocation of the remaining $125,000 (the "Remaining Death Benefit") under New York law, which holds that "[a] beneficiary of a life insurance policy forfeits his or her right to the proceeds if he or she murders or feloniously causes the death of the insured," *Ganelina v. Pub. Adm'r, New York Cnty.*, 963 N.Y.S.2d 545, 550 (N.Y. Sup. Ct. 2013). *See* Compl. ¶¶ 27–37. The Complaint lists all eight children as interpleader defendants. *Id.* ¶¶ 2–9.

On July 2, 2024, Sarah, Esther, Aaron, Channa, Samuel, Usher and Shloime filed a joint answer requesting that Equitable be permitted to pay the Remaining Death Benefit to the court and allow them to "settle" the allocation among themselves to "minimize legal fees." Answer, ECF No. 7. At the time, defendant Meyer had not yet entered his appearance. *See* Dec. 26, 2024 Order. On February 26, 2025, defendant Meyer attended a status conference before the Honorable Magistrate Judge Merkl, who informed Meyer of his options for entering a formal appearance. *See* Min. Entry, ECF No. 21. On April 18, 2025, Meyer's criminal defense attorney entered appearance on Meyer's behalf and requested that the court defer allocating the Remaining Death Benefit until the resolution of Meyer's criminal case. Answer, ECF No. 24. Meyer does

2

not oppose Equitable's request to deposit funds with the court and exit the case. *Id*. at 1 ("Mr. [Meyer] Sperber has no objection to relief requested in paragraphs (a) through (f) of the Complaint[.]").

On April 21, 2025, Equitable filed the instant motion seeking costs and attorneys' fees in the amount of $8,308, to be deducted from the Remaining Death Benefit. Pl.'s Mot. 4. At my direction, Equitable subsequently filed billing records documenting the work performed on this matter. *See* Pl.'s Letter Mot. ECF Nos. 28 ("Pl.'s Letter"); ECF No. 28-1 (redacted billing records). I reviewed an unredacted version of those records *in camera*.

## DISCUSSION

As a threshold matter, an "award of fees and costs to a plaintiff in an interpleader case is appropriate where the Court finds that the plaintiff is '(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.'" *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 720–21 (E.D.N.Y. 2012) (quoting *Septembertide Pub., B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 683 (2d Cir.1989). Equitable clearly satisfies those requirements.

However, "the decision to award fees and costs is left to the sound discretion of the district court" and "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013). The resolution of conflicting claims to insurance benefits "must be expected [by insurance companies] and the expenses incurred are part of the ordinary course of business." *Apostolidis*, 841 F. Supp. at 721 (citation omitted). Where attorneys' fees are awarded in interpleader cases, the awards

3

are "usually . . . modest, inasmuch as all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." *Weininger v. Castro*, 462 F. Supp. 2d 457, 502 (S.D.N.Y. 2006).

Here, Equitable requests a total award of $8,308, consisting of $1,559 in costs and $6749 in attorneys' fees. Pl.'s Letter at 1. In support of its request, Equitable has submitted billing records that detail the time its counsel spent on the matter and the costs incurred. The billing records reflect approximately 30.5 hours[1] of work performed by three different lawyers and one paralegal. *Id*. Equitable's motion sets forth hourly rates for each individual who worked on the case, which are reflected in the table below.

| Name & Role | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Lisa Herbert, Partner | $350 | 5.4 | $1890.00 |
| Donna Tills, Partner | $350 | 5.0 | $1750.00 |
| Morgan B. Thompson, Senior Associate | $250 | 16 | $4000.00 |
| Tonya Maccaulay, Paralegal | $175 | 4.1 | $717.50 |
| | | | **TOTAL: $8,357.50** |

There is a slight discrepancy between the fee total requested by Equitable ($8763.00) and my calculation of the sum using the rates listed in the motion ($8357.50) that appears to reflect an inconsistent rate charged for attorney Thompson's work. Regardless, Equitable's request reflects a discount of approximately 20%.

Given the routine nature of this case, I find the requested award excessive. For Equitable, this case did not require any complex legal research, discovery, or substantive conflict with any of the interpleader defendants. Indeed, the only work to be done in the case was the drafting and filing of a straightforward complaint, drafting and filing a

---

[1] The billing records reflect an additional 0.1 hours of work performed by Harrison P. Williams, who is not otherwise mentioned in the motion and whose hours I have deducted form from table above. ECF No. 28-1 at 1.

4

standard motion for deposit, and effectuating service on the potential claimants. The only unique feature of the case is the fact that Meyer Sperber is incarcerated, which arguably made him slightly more difficult to serve. The narrative portion of Equitable's billing records, however, reveal that "developing and implementing" its service "strategy," *see* Pls.' Letter at 1, accounts for a very small portion of the total work on the case.

Accordingly, I conclude that a reduced award of $1000 in attorneys' fees is more than enough to offset any "unique expenses" that Equitable has incurred in connection with litigating this action. *See New York Life Ins. Co. v. Galicia*, No. 20-CV-3005, 2021 WL 346236, at *4 (E.D.N.Y. Feb. 2, 2021). I also award $577 in expenses, equal to the cost of effectuating service on four of the eight interpleader defendants, in recognition of the unusually large number of potential claimants in this case.

## CONCLUSION

For the forgoing reasons, Equitable is entitled to an award of $1000 in attorneys' fees and $557 in costs, which are to be deducted from the interpleader funds.

Pursuant to Judge Merkl's previous order, ECF No. 21, Equitable shall deposit the interpleader funds, less the awarded fees and costs (*i.e.*, $123,423), plus any applicable interest, into the court registry by June 13, 2025. After such deposit, Equitable shall (1) be released from any liability to any party in this action arising out of the life insurance policy issued to the Insureds, identified by policy number XXXX7239, and (2) be dismissed from this case.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:    June 2, 2025
         Brooklyn, New York

5